IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, R31861, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-237-DWD |
| | ) |
| D. BROOKHART, | ) |
| IDOC DIRECTOR, and | ) |
| T. ATKINS, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Maurice Jackson, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Lawrence. Plaintiff claims Defendants failed to place him in protective custody or to house him with a preferred cellmate, Defendant Atkins retaliated against him related to the same, and Atkins denied him equal protection. Defendants filed a Motion for Summary Judgment (Doc. 55) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In response, Plaintiff filed a Cross-Motion for Summary Judgment (Doc. 60), which in substance is a response to Defendants' Motion. After a thorough review of the pleadings and motions, the Court concludes that Defendants' Motion should be granted in full.

BACKGROUND

Plaintiff initiated this lawsuit by filing a motion for injunctive relief, rather than a formal complaint. The Court found that, although the motion did not comply with the standard requirements for filing a complaint, the motion provided enough detail to initiate a civil matter. (Doc. 4 at 1). Upon initial review, the Court allowed the following claims to proceed:

> Count 1: Eighth Amendment conditions of confinement claim against Atkins, Brookhart and IDOC Director for refusing him protective custody and placing him in a dangerous situation.
>
> Count 2: First Amendment retaliation claim against Atkins.
>
> Count 4: Fourteenth Amendment equal protection claim against Atkins.

(Doc. 4). On March 24, 2020, Plaintiff moved to file an amended complaint. (Doc. 14). On March 31, 2020, the Court granted Plaintiff's request and the Amended Complaint was docketed. (Doc. 23). The claims in the Amended Complaint are the same as those originally presented.

In the original motion, Plaintiff indicated that he had a grievance "pending exhaustion." Specifically, he wrote,

> Emergency grievance dated 1-7-20. Deemed non-emergency by Warden 1-9-20. Appealed to Springfield, timely. They sent it back requested dates and additional information. I provided such, including, those mentioned in this complaint, as reoccurances of the same situation. (still pending). Despite that, placement continues to place me in danger, so this suit is essentially imminent.

(Doc. 1 at 7). With the Amended Complaint, Plaintiff attached a document from the IDOC Administrative Review Board (ARB), which indicated that finally on March 10, 2020, his original grievance was fully exhausted.

### FINDINGS OF FACT

The parties agree that there is only one grievance relevant to the allegations in this case. That grievance is the "emergency grievance" that Plaintiff originally filed at Lawrence on January 7, 2020. In that grievance Plaintiff wrote,

> This is my second grievance concerning, the denial of P.C. My first grievance was written on 12-3-19, and to date I received no response,
>
> I have 4 gang hit[]s on me by the G.D's, Blackstones, Latin Kings and Vice Lords. I have been requesting P.C. and have been denied. It because Lawrence's policy or custom does not allow P.C. my life's in danger, and is being disregarded, in violation of my 8th & 14th Amendment. I am being forced to starve myself in order to receive segregation from the general population.
>
> Next I have been labeled vulnerable status, and was placed all alone. Lawrence have stripped me of this because its policy or custom does not allow single man cells for anyone including vulnerable or transgender's.

(Doc. 56 at 26-27). Plaintiff's January 7th emergency grievance was deemed a non-emergency on January 9, 2020. (*Id.*)

On February 7, 2020, the ARB received Plaintiff's request for review of his January 7th grievance. On February 9, 2020, the ARB requested additional information from Plaintiff in the form of dates that the incidents occurred. (Doc. 56 at 28). Plaintiff complied with the request for further information. (Doc. 56 at 20-2). On March 9, 2020,

the ARB denied the January 7th grievance as unsubstantiated, and on March 10, 2020, the Acting Director of IDOC (Rob Jeffreys) concurred with the denial. (Doc. 56 at 19).

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g., Walker v.*

*Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). The regulations first require an inmate to file his grievance with his counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). Administrative regulations require the grievance "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If the names of the individuals are unknown to the offender, he can still file the grievance but "must include as much descriptive information about the individual as possible." *Id.* Further, the Seventh Circuit has held that an inmate is required to provide enough

information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.*

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. *Id.* The ARB submits a written report of its findings and recommendations to the Director, who them makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance. *Id.* If a grievance concerns protective custody, a plaintiff is allowed to file that grievance directly with the ARB. 20 ILL. ADMIN. CODE § 504.870(a)(1).

B. Analysis

The Defendants filed their Motion for Summary Judgment (Doc. 55) and accompanying Memorandum (Doc. 56) on July 23, 2021. Per Local Rule 7.1, Plaintiff had 30 days to file a response, failing which, the Court may treat Plaintiff's non-response as an admission on the merits of the motion. Plaintiff did not file a response within 30 days of the Defendants' Motion. Instead, nearly three months later on October 28, 2021, Plaintiff filed what was docketed as a Cross-Motion for Summary Judgment. (Doc. 60). Although styled as a motion for summary judgment, the contents of the document are substantively a response to Defendants' Motion. In fact, Plaintiff explicitly wrote, "Plaintiff's Motion for Summary Judgment to "Estop[]" Defendants' Affirmative Defense on Exhaustion of Administrative Remedies, *And in Response to Defendants*." (Doc. 60 at 1) (emphasis added). Plaintiff's Cross-Motion is not supported by any independent facts. Based on the contents of Plaintiff's Cross-Motion, the Court could treat it as an untimely response to summary judgment, and under Local Rule 7.1 it could consider the merits of Defendants' Motion admitted. Out of an abundance of deference to Plaintiff, who is a pro se litigant, the Court will consider the merits of the arguments he presented in the Cross-Motion as if he filed an appropriate response.

It is undisputed that Plaintiff fully exhausted the January 7th grievance in relation to this lawsuit. The January 7th grievance is the only grievance that either party identified as being related to this lawsuit. Although both parties agree that the January 7th grievance is now fully exhausted, the Defendants argue that it was not properly exhausted at the time that Plaintiff filed this lawsuit. The Defendants provided factual support for the

contention that the claims are unexhausted by submitting relevant grievances and grievance logs. Plaintiff concedes that he did not exhaust prior to filing the lawsuit, but he argues that because he was in imminent danger at the time he filed, the Court had inherent authority to accept his lawsuit and to protect him while he exhausted his claim. He adds that by the time he filed his Amended Complaint, he had fully exhausted the claim. Plaintiff also argues that the Defendants should be estopped from raising the issue of exhaustion. By submitting copies of the grievances and showing that Plaintiff did not exhaust prior to filing suit, Defendants have met their burden to establish Plaintiff's failure to exhaust. Plaintiff's refutations are purely legal.

Plaintiff's arguments are not persuasive and do not refute Defendants' motion on exhaustion. There is no imminent danger exception to the exhaustion requirement. *See Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1173, 1175 (7th Cir. 2010) ("imminent danger did not excuse his failure to exhaust his administrative remedies"); *see also Ross v. Blake,* 578 U.S. 632, 648 (2016) (courts cannot engraft unwritten "special circumstances" exceptions onto the exhaustion requirement of § 1997e(a)). Plaintiff argues by reference to a prior case he litigated in the Central District of Illinois, that he has previously benefited from an "imminent danger" exception to the exhaustion requirement, but a review of that case shows that he is mistaken.  In Plaintiff's Central District of Illinois case his request for a preliminary injunction was granted based on "imminent danger," but ultimately some of his claims were dismissed for failure to exhaust. *Compare*, *Jackson v. Pontiac Correctional Center, et al.*, Case No. 17-cv-3162 (C.D. Ill.) (August 24, 2017 Text Order granting plaintiff's preliminary injunction) *with*, *Id.* (Docket entry 84, granting

summary judgment on failure to exhaust certain claims). Because there is no imminent danger exception to the exhaustion requirement, Plaintiff's allegations of imminent danger do not excuse his lack of exhaustion.

Plaintiff's argument that he exhausted before filing his Amended Complaint does not excuse his original failure to exhaust. "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later' approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2005). In *Chambers*, the Seventh Circuit found that a prisoner did not properly exhaust administrative remedies by eventually exhausting his claim, and later filing an amended complaint to include the full exhaustion of the claim. *Id.* The *Chambers* rational directly forecloses Plaintiff's claim that his Amended Complaint saves him from the exhaustion rule in § 1997e(a). Plaintiff filed this lawsuit on March 3, 2020. His claims were exhausted on March 10, 2020, when the ARB denied his grievance. Plaintiff filed his Amended Complaint on March 24, 2020. Plaintiff's filing of the Amended Complaint did not correct the exhaustion problem because per *Chambers*, an inmate cannot "sue first, exhaust later."

Turning to Plaintiff's argument that Defendants should be estopped from raising the exhaustion issue, this claim is unavailing. To establish equitable estoppel, the party claiming estoppel must show: (1) a misrepresentation by the opposing party; (2) reasonable reliance on that misrepresentation; and (3) detriment. *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002). The Seventh Circuit has considered the possibility that defendants could be estopped from raising the exhaustion defense in § 1997e(a) on many occasions, but the court has yet to actually adopt estoppel as a defense to exhaustion. *See*

*e.g. Schultz v. Pugh*, 728 F.3d 619, 622 (7th Cir. 2013) (declining opportunity to adopt estoppel because plaintiff did not establish the three elements of estoppel); *Oliver v. Frank,* 222 Fed. App'x 517, 519 (7th Cir. 2007) (the Seventh Circuit has not explicitly adopted estoppel as a defense to exhaustion); *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (noting that the Seventh Circuit has "explicitly avoided deciding whether equitable estoppel applies [in the 1997e(a) exhaustion] context"); *Lewis,* 300 F.3d at 834-45 (declining theory of estoppel because plaintiff did not establish elements of estoppel).

The Court will not reach beyond the Seventh Circuit's precedent to establish estoppel as a defense to exhaustion because Plaintiff has not adequately pled any of the elements of estoppel. Plaintiff has not, for example, made any factual allegations that suggest the Defendants made any misrepresentation in relation to this case. Without a misrepresentation, he also cannot establish reasonable reliance or detriment. Thus, the Plaintiff has not demonstrated that the Court should apply estoppel to his case because he has not provided a factual basis to do so.

The Court notes that Plaintiff spends significant time discussing and rehashing issues that were entertained at the March 24, 2021 hearing on his motion for preliminary injunctive relief. Plaintiff makes much of the fact that the Court "granted" his Motion to Provide Information (Doc. 43), arguing that this either constitutes a factual basis to grant him injunctive relief or that he should be allowed to proceed beyond exhaustion based on this earlier ruling. The Court granted the motion to signify that it considered the merits of the additional factual allegations in that motion, because those allegations were relevant to the preliminary injunction analysis. However, the grant of the motion was

not a factual merits-based determination that granted partial injunctive relief or somehow excused the exhaustion requirement.

At the close of the Cross-Motion for Summary Judgment, Plaintiff asks that this case be dismissed without prejudice if the Court finds his claims unexhausted so that he can re-file now that the claims have been exhausted. The Court finds that this request is appropriate and is consistent with the timeline of events in this case. Plaintiff simply filed this lawsuit too early before he had adequately completed the exhaustion process. Although his filing ended up only being a few days early, the Court does not have authority to bend the exhaustion requirement.

## DISPOSITION

The Motion for Summary Judgment on the issue of exhaustion filed by all Defendants (Doc. 55) is **GRANTED**. Plaintiff's claims against all defendants are **DISMISSED** without prejudice for failure to exhaust. Plaintiff's Cross-Motion for Summary Judgment (Doc. 60) is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment in defendants favor at the close of this case.

**IT IS SO ORDERED.**

Dated: February 4, 2022

_____
DAVID W. DUGAN
United States District Judge